UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER HAMILTON,
      Plaintiff,

vs.                                  Case No. 8:05-cv-992-T-17MAP

ALLSTATE INDEMNITY COMPANY,
      Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Docket No. 4), filed May 25, 2005, Defendant's Memorandum of Law in Support of Motion to Dismiss (Docket No. 6), filed May 25, 2005, and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Docket No. 9), filed June 16, 2005.

## BACKGROUND

The defendant, Allstate Indemnity Company ("Allstate"), is an Illinois corporation with offices located nationwide. The plaintiff, Heather Hamilton ("Hamilton"), is a resident of Hillsborough County, Florida. At all times relevant to this inquiry, Hamilton was covered by an automobile insurance policy issued by Allstate.

On July 10, 2002, Hamilton was involved in an automobile accident. On July 16, 2002, an Allstate adjuster examined Hamilton's damaged vehicle and issued a check in the amount of $12,324.55 to cover body damage. On September 27, 2002, an adjuster again examined Hamilton's vehicle and issued an additional check in the amount of $7,791.58 to

Case No. 8:05-cv-992-T-17MAP

cover engine repair. On October 2, 2002, Allstate issued another check in the amount of $233.77 to cover repair of additional damage discovered while work was completed on Hamilton's engine.

However, on January 3, 2003, Hamilton filed suit in Florida state court claiming that she was entitled to additional amounts under the policy, including additional repairs, car payments made by Hamilton, and loss of the use of her vehicle. On April 15, 2005, the trial court entered a judgment finding that Allstate had materially breached the provisions of the insurance policy relating to collision coverage and awarded Hamilton $2,990.00[1] in damages with interest. Allstate filed a timely notice of appeal; Hamilton cross-appealed.

On March 10, 2005, Hamilton filed a Civil Remedy Notice of Insurer Violation with the Department of Insurance in which she alleged that her damages from Allstate's bad faith non-payment of her claims were $33,775.00 for loss of the use of her vehicle and $50,000.00 for damaged credit plus attorney's fees and costs. Finally, on May 25, 2005, Hamilton filed suit in this Court alleging Allstate's bad faith pursuant to *Fla. Stat.* 624.155, *et seq.*

## DISCUSSION

Allstate's motion to dismiss raises three general issues. First, Allstate argues that Hamilton has failed to

---

[1] This amount is the sum of $750.00 in damages for car payments made by Hamilton and damages from the loss of use of her vehicle for sixty-four days at $35.00 per day.

Case No. 8:05-cv-992-T-17MAP

meet a condition precedent to bringing a bad faith claim by failing to properly provide Allstate with notice of the alleged violation in compliance with *Fla. Stat.* 624.155 (1)(b)(1). Second, Allstate avers that Hamilton's complaint fails to state a claim upon which relief can be granted. Finally, Allstate argues that because the trial on the issue of liability on the underlying contract is on appeal, a final determination of damages has not been made, and, therefore, Hamilton's bad faith claim is premature. Allstate's last argument is a threshold issue, and will be considered first.

## STANDARD OF REVIEW

A district court should not dismiss a complaint on 12(b)(6) grounds unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 82 (1957). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). To survive a motion to dismiss, a plaintiff must not merely "label" his or her claims. *Blumel v. MyLander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley*, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine

Case No. 8:05-cv-992-T-17MAP

only the four (4) corners of the complaint, *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232 (M.D. Fla. 1995), and a court must accept a plaintiff's well-pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). Overall, the threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). However, when, with respect to a dispositive legal issue, no construction of the complaint's factual allegations will support the cause or causes of action contained therein, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991), *cert denied*, 502 U.S. 810 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). With this standard mind, the Court turns to consideration of Hamilton's claims.

<u>Prematurity of Plaintiff's Bad-Faith Claim</u>

*Fla. Stat.* 624.155, *et seq.* provides the basis for a first-party to bring a bad-faith claim against an insurance company. This action allows an insured to recover damages from the insurance company for refusing, in bad faith, to settle any and all claims accruing directly to its own insured. *Allstate Ins. Co. v. Clohessy*, 32 F. Supp. 2d 1328, 1332 (M.D. Fla. 1998) (citing *Talat Enters., Inc. v. Aetna Life & Cas.*, 952 F. Supp. 773, 776-77 (M.D. Fla. 1996)).

In *Blanchard v. State Farm Mutual Automobile Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991), the Florida Supreme Court held that there must be some type of conclusion to the

Case No. 8:05-cv-992-T-17MAP

underlying litigation of contractual benefits before a bad-faith claim can accrue, and, that such a conclusion must be alleged in the complaint. However, in *Imhof v. Nationwide Mutual Ins. Co.*, 643 So. 2d 617 (Fla 1994), the Court did not make it a condition that the damages be determined by litigation. Indeed, this Court has specifically recognized that an insurance company's payment of policy limits to the insured "serves as the 'functional equivalent' of a determination of the insured's damages; it has the effect of providing a conclusion in relation to the underlying claim for benefits." *Allstate Ins. Co.*, 32 F. Supp. 2d at 1332 (M.D. Fla. 1998) (citing *Brookins v. Goodson*, 640 So. 2d 110, 112 (Fla. 4th DCA 1994)). But the settlement amount is not dispositive as to whether a bad-faith claim is then available to the first-party insured. *Id.* Rather, "the purpose underlying the requirement of alleging that there has been a determination of damages is to simply show that the insured 'ha[s] a valid claim.'" *Id.* (citation omitted).

In the case at bar, Hamilton's complaint does include a rather conclusory allegation that a final determination of Allstate's liability for Hamilton's damages has been made and vaguely alleges, as a fact in support thereof, that Allstate voluntarily "pay[ed] a substantial portion of the claim about two and a half years after [Allstate] was obligated to do so." (Docket No. 3, at para. 14).[2]

---

[2]

Hamilton's memorandum of law in opposition to Allstate's motion to dismiss clarifies this allegation by stating that Allstate paid Mitsubishi Motor Credit $25,000.00 on Hamilton's behalf approximately two months before the trial in state

Case No. 8:05-cv-992-T-17MAP

Although, the complaint is devoid of any allegation that Allstate's settlement payment approached the policy limits, which would clearly bring this case within this Court's holding in *Allstate Ins. Co.*, 32 F. Supp. 2d at 1332, after careful consideration of Florida law on this point, it seems that the exact proximity of the claimed amount to policy limits is, at most, inconclusive. See *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1274 (Fla. 2000) (implicitly adopting the *Brookins* court's reasoning that amount of settlement is not determinative of the availability of a bad-faith claim to an insured but may be evidence of the validity of the claim). Therefore, this Court finds that Hamilton's allegation that Allstate paid a significant portion of the claim is sufficient as a bare minimum statement of a "functional equivalent" allegation. Thus, it might seem that the premise upon which Hamilton argues that this Court should deny Allstate's motion is sound.

This, however, is not the end of the inquiry on this issue. The Court can ignore neither that aspect of Hamilton's bad-faith claim pertaining to the loss of use of her vehicle nor its procedural posture. "[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in

---

court. (Docket No. 9-1 at 5). Presumably, this is relevant to the impaired credit aspect of the bad-faith claim. However, of course, within the context of Allstate's current challenge to Hamilton's complaint, the Court can consider only the four corners of the complaint. *Rickman*, 902 F. Supp. at 233.

Page 6 of 8

settlement negotiations can accrue." *Blanchard*, 575 So. 2d at 1291. Moreover, an issue on appeal is not final disposition of that issue until all appellate remedies have been exhausted. *Lexington Ins. Co. V. Royal Ins. Co. of America*, 886 F. Supp 837, 840-42 (N.D. Fla. 1995. Thus, because the issue of the loss of use was one of the very issues that the jury at the state trial considered and that is currently under appeal by *both* parties, this Court finds that the bad-faith claim as to loss of use shall be abated during the pendency of the appeal in the state courts. *Id.* at 842.

Neither party asks this Court to bifurcate this case. Although the Court has, for ease of discussion, bifurcated its analysis of the threshold issue involved in this case, the Court refuses to unilaterally bifurcate the resolution of this cause.[3]

For the foregoing reasons, this Court holds that Hamilton's bad-faith claim is premature until such time as relevant state court proceedings are concluded. The Court need not, nor does it, herein address the merits fo Allstate's other contentions. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss (Docket No. 4) be **GRANTED**, without prejudice and a new case may be filed at a later time if appropriate and necessary.

---

[3]Indeed, the complaint, as currently drafted, would not likely allow such an action.

Case No. 8:05-cv-992-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 6th day of October, 2005.

*[signature]*
ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties of record